7 F.3d 223
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ECONO LODGES INTERNATIONAL, INCORPORATED, successor in
interest to Econo Lodges of America, Incorporated,
Plaintiff-Appellee,
v.
John M. PECK; Susie Peck, Defendants-Appellants.
 No. 93-1519.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 2, 1993.
Decided: September 22, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Philip D. Lambeth, HARKEY, FLETCHER, LAMBETH, NYSTROM & FIORELLA, for Appellants.
 Sharon L. Moylan, Charles E. Johnson, PETREE STOCKTON, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John and Susie Peck ("the Pecks") appeal from the district court's grant of summary judgment in favor of Econo Lodges International, Inc., ("Econo Lodge"), a Virginia corporation, for their action to recover accrued royalties, other franchise fees, and liquidated damages. The Pecks argue that (1) the district court erred in failing to dismiss the action for lack of personal jurisdiction; (2) the district court abused its discretion in denying their Motion to Amend their answer; and (3) the district court erred in granting Econo Lodge's Motion for Summary Judgment. Finding that the exercise of personal jurisdiction was proper, that the Pecks were not entitled to amend their answer, and that summary judgment was appropriate, we affirm.
 
 I.
 
 2
 The Pecks and Econo Lodge of America, Inc.,[1] entered into a written franchise agreement ("agreement") under which the Pecks operated their motel in Tallahassee, Florida, as an Econo Lodge Motel. The agreement specifically states that Econo Lodge is a Virginia corporation with its principal place of business in Charlotte, North Carolina. After certain disagreements occurred between the parties, Econo Lodge filed this action in the United States District Court for the Western District of North Carolina, at Charlotte, seeking a money judgment against the Pecks for breach of the agreement.
 
 
 3
 Because the Pecks failed to file an answer, Econo Lodge moved for and obtained an entry of default. However, the district court later vacated the entry of default and accepted the Pecks' untimely pro se answer. In their answer, the Pecks asserted that, because they never did business in North Carolina, they should not have to defend the suit in North Carolina. For over a year, the Pecks failed to produce any evidence to create a genuine issue of material fact and failed to respond to Econo Lodge's Request for Admissions. Furthermore, the Pecks failed to respond to Econo Lodge's Motion for Summary Judgment.
 
 
 4
 More than a month after the deadline for filing dispositive pretrial motions, the Pecks moved to amend their answer. Finding that the Pecks exercised inexcusable delay, the district court denied the Pecks' Motion to Amend. The district court granted Econo Lodge's Motion for Summary Judgment. The Pecks timely appeal.
 
 II.
 
 5
 The Pecks argue that the district court erred in failing to dismiss the action for lack of personal jurisdiction. In evaluating the propriety of personal jurisdiction obtained under a state's long-arm statute, we determine whether the long-arm statute authorizes the exercise of jurisdiction in the circumstances presented and consider whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). However, because the North Carolina long-arm statute has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, see Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977), our normal two-step inquiry merges into one. Ellicott Machine, 995 F.2d at 477.
 
 
 6
 The exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Ellicott Mach., 995 F.2d at 477. In addition, the court's exercise of personal jurisdiction must comport with traditional notions of "fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).
 
 
 7
 We find that the franchise agreement created a substantial connection to North Carolina and was sufficient to support jurisdiction over the Pecks. The agreement specifically states that Econo Lodge's principal place of business is Charlotte. Pursuant to the agreement, the Pecks paid monthly royalty and advertising fees to Econo Lodge and submitted regular financial reports to Econo Lodge. Econo Lodge provided the Pecks with marketing and advertising materials, advertising assistance, and participation in the computer reservation center. The Pecks failed to present evidence which would refute that these services and transactions occurred in Charlotte, North Carolina, the expressed principal place of business for Econo Lodge. Instead they argue with unverified allegations that they have not done business in North Carolina. We find that the Pecks have purposefully availed themselves of the privilege of conducting business in North Carolina, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985), such that the exercise of specific jurisdiction over the Pecks to enforce their promises to pay for services performed there by Econo Lodge does not offend "fair play and substantial justice." Id. at 476-78. See also Harrelson Rubber Co. v. Lagne, 317 S.E.2d 737 (N.C. Ct. App. 1984). Accordingly, we affirm the district court's finding of personal jurisdiction over the Pecks.
 
 III.
 
 8
 Reviewing the lower court's decision to refuse the Pecks' Motion to Amend for an abuse of discretion, Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988), we find no error. The Pecks did not file their initial answer until after entry of default against them. Furthermore, the Pecks moved to amend their answer after the pretrial order's deadline for motions. The Pecks' inexcusable delay[2] and their concessions in the district court and on appeal that no new matters were raised by the amended pleading support the district court's exercise of its discretion.
 
 IV.
 
 9
 The Pecks also assert that the district court erred in granting summary judgment in favor of Econo Lodge. Finding that no genuine issue of material fact exists as to whether Econo Lodge and the Pecks entered into a contract and whether the Pecks breached the contract, we hold that the district court did not err in granting summary judgment on the issue of liability. Furthermore, the Pecks have failed to present any evidence to dispute the amount of damages. Accordingly, summary judgment was appropriate.
 
 
 10
 Because the exercise of personal jurisdiction was proper, because the Pecks were not entitled to amend their answer, and because no genuine issue of material fact exists as to liability and damages, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Econo Lodges International, Inc., purchased assets of Econo Lodges of America, Inc., and became the successor in interest to Econo Lodge of America, Inc. Because the Pecks do not dispute the assignment, "Econo Lodge" collectively refers to Econo Lodges International, Inc., and Econo Lodges of America, Inc
 
 
 [2]
 In addition to the Pecks' inexcusable delay, the Pecks also refused to answer Econo Lodge's Request for Admissions